IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER HURD,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, CITY OF SCOTTSBLUFF, and SCOTTSBLUFF COUNTY COURT,<br><br>Defendants. | 8:23CV288<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 14. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 16, and Motion captioned as a "Request for Transfer Admissions," Filing No. 17. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983 against the State of Nebraska, the City of Scottsbluff, and the Scottsbluff County Court. Filing No. 1 at 2-3. For each Defendant, Plaintiff also lists an individual employee as the "Job or Title" of the Defendant. See Filing No. 1 at 2-3. Plaintiff has named the individuals listed in her Complaint as defendants in several other cases in this Court. *See, e.g., Becker v. Bayless, et al.*, Case No. 8:23cv284; *Becker v. Fellhoelter, et al.*, Case No. 8:23cv286. In each of those cases, the Court has addressed why Plaintiff's claims against those individuals are subject to dismissal. In this case, Plaintiff alleges the State of Nebraska

opened three juvenile cases on Plaintiff's children, the Scottsbluff County Sheriff overcharged funds for embezzlement, and that the Defendants breached a contract with Plaintiff by removing her children. See Filing No. 1 at 3-4. Plaintiff requests that the Court close the Scottsbluff County courthouse and that $1 billion be paid to Plaintiff and each of her children. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed,

and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, the Complaint does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See Iqbal, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support

the claims asserted. See *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff's allegations are legal conclusions that barely address the alleged wrongdoing and provides few facts to support these allegations. Though Plaintiff concludes repeatedly that Defendant's actions led to embezzlement and were illegal, deceitful, and fraudulent, her allegations lack any explanation to support these assertions. See Fed. R. Civ. P. 9(b) (requiring that a party alleging fraud "must state with particularity the circumstances constituting fraud.") Moreover, Plaintiff alleges no facts suggesting any of the Defendants' actions were contrary to law and makes no specific allegations against several of the Defendants. Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim or pleading fraud with particularity. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

Additionally, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446 47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.; Nevels v. Hanlon,* 656 F.2d 372, 377 78 (8th Cir. 1981). Plaintiff has sued the State of Nebraska and the Scottsbluff County Court and seeks only monetary relief. The Eleventh Amendment bars these claims. See *Harris v. Missouri Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986) ("courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment" and a court is not a "person" within the meaning of § 1983).

4

Plaintiff also sues the City of Scottsbluff. "It is well settled that a municipality may not be found liable under § 1983 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Lee v. Pine Bluff Sch. Dist.*, 472 F.3d 1026, 1029-30 (8th Cir. 2007) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff has not alleged any facts showing the City of Scottsbluff took any action, let alone any action under an official policy that caused a constitutional tort. Accordingly, such claims are subject to dismissal.

Plaintiff's Complaint fails to state a claim for relief against the named Defendants, the State of Nebraska, the City of Scottsbluff, and the Scottsbluff County Court. To the extent Plaintiff may be seeking to assert claims against the individual employees listed as the "Job or Title" for each Defendant, *see* Filing No. 1 at 2-3, such claims are duplicative of her claims against these same individuals in *Becker v. Bayless, et al.*, Case No. 8:23cv284 and *Becker v. Fellhoelter, et al.*, Case No. 8:23cv286, and will be dismissed.[1] *See Kriz v. 12th Judicial Dist Bd of Mental Health of Box Butte Cty.*, No. 4:05 CV 3253, 2005 WL 2563040, at *1 (D. Neb. Oct. 11, 2005) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir.2000))); *see also Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

---

[1] Plaintiff has been given leave to amend her claims in Case No. 8:23cv284 and Case No. 8:23cv286 and, thus, may raise any claims against these individual defendants in an amended complaint in those cases.

5

### V.  MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Having carefully considered the record, the Court will not appoint counsel at this time.

### V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible.  Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case.  Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief.  Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

### V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the named Defendants, and any claims asserted against the individual employees of Defendants are duplicative of claims raised against these same individuals in Plaintiff's

6

other cases. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

    IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Judgment shall be entered by a separate document.

3. Plaintiff's Motion to Appoint Counsel, Filing No. 16, is denied.

4. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 17, is denied.

Dated this 12th day of December, 2023.

                                      BY THE COURT:

                                      Joseph F. Bataillon
                                      Senior United States District Judge